UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANGELA HALEY, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   NO. 3:18-00400 |
| | ) |
| CLARKSVILLE-MONTGOMERY | ) |
| COUNTY SCHOOL SYSTEM, | ) |
| | ) |
|    Defendant. | ) |

**MEMORANDUM OPINION**

This action arises out of the decision of the Clarksville-Montgomery County School System ("CMCSS") to remove mathematics teacher Angela Haley as head wrestling coach and eventually hire a male for that position. Before the Court is the motion of CMCSS for summary judgment on Haley's remaining claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq.[1] (Doc. Nos. 37, 46, 54.) For the following reasons, the motion will be granted.

I.    Legal Standard

In reviewing a motion for summary judgment, this Court will only consider the narrow question of whether there are "genuine issues as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A motion for summary judgment requires that the Court view the "inferences to be drawn from the underlying facts . . . in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith

---
[1] The Court has previously dismissed Haley's claims under 42 U.S.C. § 1983 and Title IX of the Educational Amendments Act of 1972, 20 U.S.C. § 1681, et seq. (Doc. Nos. 26-27.)

Radio Corp., 475 U.S. 574, 587 (1986) (quoting United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)). "The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts." Rodgers v. Banks, 344 F.3d 587, 595 (6th Cir. 2003). After the movant has satisfied this initial burden, the nonmoving party has the burden of showing that a "rational trier of fact [could] find for the non-moving party [or] that there is a 'genuine issue for trial.'" Matsushita, 475 U.S. at 587. If the evidence offered by the nonmoving party is "merely colorable," or "not significantly probative," or not enough to lead a fair-minded jury to find for the nonmoving party, the motion for summary judgment should be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-252 (1986). "A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." Hill v. White, 190 F.3d 427, 430 (6th Cir. 1999) (citing Anderson, 477 U.S. at 247-49).

II. Facts[2]

CMCSS operates the public school system in Montgomery County, Tennessee. (Doc. No. 47 at ¶ 1.) Haley is a tenured mathematics teacher at Northeast High School, one of seven CMCSS high schools. (Id. at ¶ 3.) She has been employed by CMCSS as a teacher from April 2008 to the present. (Id. at ¶ 4.) Initially, in 2008, she was an assistant wrestling coach. (Id. at ¶¶ 7-9.) In 2013, she became head coach of the boys and girls wrestling teams for three years. (Id. at ¶ 10; Doc. No. 38-2 at 34.) In March 2016, Haley received a partially negative job evaluation and was not renewed

---

[2] The parties briefed a wide array of facts in connection with the instant motion. (See Doc. Nos. 45, 55.) The Court, however, discusses only the background and facts necessary for the resolution of the motion as discussed below.

as coach for the 2016-2017 school year, so that she could focus on teaching.[3] (Id. at ¶ 29.) As a result, she lost her coaching stipend. (Id. at ¶¶ 13-14, 99.)

The head wrestling coach position at Northeast was advertised on April 6, 2016. (Id. at ¶ 35.) Haley expressed interest, but CMCSS did not reconsider its March decision to remove her. (Id. at ¶¶ 34-41; Doc. No. 55 at ¶¶ 123-125.) On August 3, 2016, Northeast hired Felipe Argueta, the male soccer coach, for the position of head wrestling coach and Dianne Smith, a female, for the position of assistant wrestling coach for the 2016-2017 school year. (Doc. No. 47 at ¶¶ 38-40; Doc. No. 38-2 at 24.) Haley was subsequently hired to be the Northeast coach for volleyball and softball for the 2017-2018 school year, with a stipend for each position. (Doc. Nos. 47 at ¶ 91; 38-2 at 20.) She continues to hold these coaching positions at the same salary. (Doc. No. 38-2 at 20.)

Haley did not file a complaint of discrimination with CMCSS. (Doc. No. 47 at ¶ 59.) On January 25, 2017, she filed a charge of discrimination ("EEOC Charge") with the Tennessee Human Rights Commission and the Equal Opportunity Employment Commission ("EEOC"). (Id. at ¶ 60; Doc. No. 52.) In the EEOC Charge, Haley alleged that she was "fired as the wrestling coach due to 'poor evaluation' in a letter dated March 2016," as a guise for discrimination because "a parent of a wrestler . . . [had] complained . . . a woman was the wrestling coach." (Doc. No. 52.) She did not complain about removal from the department chair position or being placed on a development plan. (Doc. No. 52.) The EEOC declined to take action and gave her a Right-to-Sue Letter on January 26, 2018. (Doc. No. 1-1.)

---

[3] Haley was also (1) removed as the math department chair to focus on her teaching (Doc. No. 47 at ¶ 42, 44, 46), and (2) placed on a teaching development plan (id. at ¶¶ 22, 67-68, 70-71). There was no pay change associated with these decisions. (Id. at ¶ 49.) Any teacher, regardless of gender, can be placed on a development plan at the Northeast Principal's discretion. (Id. at ¶ 71.) Haley was replaced as department chair with a veteran female teacher. (Id. at ¶ 45.)

3

III.     Analysis

   A.     Haley's Title VII Claims are Time-Barred

A plaintiff alleging discrimination under Title VII in federal court must satisfy two administrative prerequisites: (1) filing a timely charge of employment discrimination with the EEOC; and (2) receiving and timely acting upon the EEOC's statutory notice of the right to sue. Nichols v. Muskingum Coll., 318 F.3d 674, 677 (6th Cir. 2003); Puckett v. Tenn. Eastman Co., 889 F.2d 1481, 1486 (6th Cir. 1989). Under 42 U.S.C. § 2000e–5(e)(1), an EEOC charge must be filed within 180 days "after the alleged unlawful employment practice occurred," unless "the person aggrieved has initially instituted proceedings with a [s]tate or local agency with authority to grant or seek relief from such practice," in which case the aggrieved individual must file a charge with the EEOC within 300 days. 42 U.S.C. § 2000e-5(e)(1); Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002); Nichols, 318 F.3d at 679-80 (6th Cir. 2003); Clemons v. Metro. Gov't of Nashville, 664 F. App'x 544, 546 (6th Cir. 2016). The limitations period begins to run when an employer makes and communicates an adverse decision to an employee and the employee is aware or reasonably should be aware of the employer's decision. Block v. Meharry Med. Coll., 723 F. App'x 273, 277 (6th Cir. 2018) (citing Del. State Coll. v. Ricks, 449 U.S. 250, 258 (1980); E.E.O.C. v. United Parcel Serv., Inc., 249 F.3d 557, 561-62 (6th Cir. 2001)). Thus, the focus of the statute of limitations inquiry "is on the time of the discriminatory act, not the point at which the consequences of the act become painful." Janikowski v. Bendix Corp., 823 F.2d 945, 947 (6th Cir. 1987) (quoting Chardon v. Fernandez, 454 U.S. 6, 8 (1981)).

The undisputed record establishes that during a meeting on March 18, 2016, Haley was informed that she would not be renewed as the Northeast head wrestling coach for the following academic year. (Doc. Nos. 47 at ¶ 29; 38-1 at ¶ 19; 38-8; 55 at ¶ 117; 49-29.) Indeed, Haley alleges

4

discrimination "due to her removal as the head wrestling coach in March of 2016." (See Doc. No. 47 at ¶ 5.) In her deposition, she testified that before this meeting "almost every single one" of CMCSS' employees made comments to her about being "a woman coaching a male sport" and CMCSS "treated [her] differently" due to her gender. (Id. at 16-17.) Most importantly, Haley further testified that *during the March 18, 2016 meeting*, she expressly communicated her belief that the removal decision constituted gender discrimination. (Doc. No. 38-2 at 9.) She specifically testified:

> Q: Okay. So during your [March 2016] evaluation meeting, did you indicate to anyone at the meeting that you felt you were being evaluated poorly because you were female?
> A: Yes.
> Q: And did you ever indicate during that evaluation meeting that you were being removed as head wrestling coach due to being a female?
> A: Yes.

(Id.) These admissions make clear that (1) CMCSS' decision to remove Haley from the head wrestling coach position was "communicated" to her on March 18, 2016, Block, 723 F. App'x at 278 (quoting Ricks, 449 U.S. at 258), and (2) Haley believed on that date that she was being discriminated against on the basis of gender. She was therefore required to file her charge of discrimination within 300 days of March 18, 2016.

Haley contends that the triggering date for her to file a charge of discrimination should not be March 18, 2016, but rather August 3, 2016, when CMCSS hired the less-experienced male soccer coach as head wrestling coach. She is wrong. The Supreme Court and Sixth Circuit have squarely rejected that the limitations period does not commence when the ultimate decision takes effect. See, e.g., Ricks, 449 U.S. at 258 (holding that Title VII's limitations period runs from the date on which the allegedly discriminatory decision not to grant the professor tenure was communicated to the professor, not from the date on which the professor ultimately lost his

teaching position); Amini v. Oberlin Coll., 259 F.3d 493, 499 (6th Cir. 2001) (holding the limitations period "must run from time the employment action at issue is communicated to the plaintiff"); Sam Han v. Univ. of Dayton, 541 F. App'x 622, 628 (6th Cir. 2013) (holding that the starting date for the 300-day limitations period occurs when the plaintiff learns of the employment decision itself). Haley believed she was being discriminated against at the time she was removed as wrestling coach. While CMCSS' subsequent decision to hire an allegedly lesser-qualified male for the wrestling coach position instead of reconsidering its removal of Haley may have crystallized the consequences of CMCSS' discrimination in Haley's mind, it did not shift the date of the adverse discriminatory act. That date was March 18, 2016, for purposes of Title VII's 300-day clock.

Here, Haley had to file her EEOC Charge within 300 days of March 18, 2016 – that is, by January 12, 2017. However, she signed and dated her EEOC Charge January 25, 2017, and it was stamped by the EEOC on January 27, 2017. (Doc. No. 52.) Her EEOC Charge was untimely and thus her Title VII claims are time-barred.

CMCSS is entitled to summary judgment.

B.      Haley Failed to Exhaust Her Retaliation Claims

Title VII's anti-retaliation provision prohibits employers from retaliating against an employee because he or she has opposed a practice that Title VII forbids, or made a charge of discrimination, or otherwise assisted or participated in a Title VII investigation or hearing. See 42 U.S.C. § 2000e-3. The Complaint and Haley's briefing suggests that she may be attempting to assert a Title VII retaliation claim arising from her advocacy on behalf of female student-athletes and coaches, or complaints on behalf of herself.

6

Generally, a Title VII plaintiff must first raise all claims in the charge of discrimination. Kuhn v. Washtenaw Cty., 709 F.3d 612, 627 (6th Cir. 2013) (quoting Younis v. Pinnacle Airlines, Inc., 610 F.3d 359, 361 (6th Cir. 2010). Here, it is undisputed that Haley did not check the box for "retaliation" on her EEOC Charge and did not make any allegations concerning retaliation. (Doc. No. 52.) CMCSS is entitled to summary judgment on any retaliation claims because they have not been administratively exhausted before the EEOC. See, e.g., Younis, 610 F.3d at 362-63 (granting summary judgment for defendant where plaintiff had failed to check "retaliation box" on EEOC charge of discrimination and "there was nothing in the narrative portion . . . that could be interpreted as claiming retaliation").

IV. Conclusion

For the foregoing reasons, CMCSS' motion for summary judgment (Doc. No. 37) will be granted and this case will be dismissed.

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE